IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CATHY WILLIAMS,

    Plaintiff,

v.

WELLS FARGO BANK, N.A. and U.S.
BANK NATIONAL ASSOCIATION, as
Trustee for SASCO 2006-BC3
TRUST,

    Defendants.

CIVIL ACTION NO.

1:12-cv-0752-JEC

## ORDER & OPINION

This case is before the Court on defendants' Motion to Dismiss [6]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendants' Motion to Dismiss [6] should be **GRANTED.**

## BACKGROUND

This case arises out of an allegedly wrongful foreclosure. (Compl. [1] at 2-3.) In April 2006, plaintiff entered into a mortgage contract with third-party lender Fieldstone Mortgage Company ("Fieldstone"). (Security Deed [6] at Ex. A.[1]) The contract was

---

[1] As the property records are undisputed and central to plaintiff's claims, the Court may consider them in deciding the motion to dismiss. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)(a court may consider an undisputed document that is

evidenced by a Note that plaintiff executed in favor of Fieldstone in the principal amount of $335,000. (*Id.*) The debt was secured by a Deed on plaintiff's home located at 1534 Tallulah Street NW, Atlanta, GA, 30318 (the "property"). (*Id.*) Third-party Mortgage Electronic Registration Systems ("MERS") was designated as the grantee of the Deed. (*Id.*)

Plaintiff's mortgage was serviced by defendant Wells Fargo Bank, N.A. ("Wells Fargo"). (Assignment [6] at Ex. B.) Plaintiff eventually fell behind on her payments and defaulted on her mortgage. (Deed Under Power [6] at Ex. C.) At the time of the default, the mortgage was owned by defendant U.S. Bank National Association as Trustee for SASCO 2006-BC3 TRUST ("U.S. Bank"). (Assignment [6] at Ex. B.) In December, 2011 Wells Fargo sold the property at a non-judicial foreclosure sale. (Deed Under Power [6] at Ex. C.) U.S. Bank was the highest bidder at the sale, and obtained the property for the sum of $140,250. (*Id.*) A Deed evidencing the sale was recorded in the Georgia Deed Book in January, 2012. (*Id.*)

Plaintiff filed this *pro se* action approximately three months after the sale of the property was concluded. (Compl. [1].) In the complaint, plaintiff seeks to invalidate the foreclosure based on

---

"central to the plaintiff's claim") and *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005)(permitting consideration of a purchase agreement on a motion to dismiss).

2

various state statutes and legal theories. (*Id*.) Defendants have filed a motion to dismiss the complaint under Federal Rule 12(b)(6). (Defs.' Mot. to Dismiss [6].) In response, plaintiff has submitted an amended complaint in which she essentially restates her initial factual allegations and adds several potential grounds for recovery. (Am. Compl. [8].)

## DISCUSSION

### I. APPLICABLE STANDARD

In deciding a motion to dismiss under Federal Rule 12(b)(6), the Court assumes that all of the allegations in the complaint are true and construes all of the facts in favor of the plaintiff. *Randall v. Scott,* 610 F.3d 701, 705 (11th Cir. 2010). That said, in order to survive a motion to dismiss a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "facial[ly] plausib[le]" when it is supported with facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### II. PLAINTIFF'S AMENDMENTS

As noted, plaintiff responded to defendants' motion to dismiss with an amended complaint. (Am. Compl. [8].)  The amendment is

3

untimely and technically improper. To amend the complaint as a matter of course, plaintiff was required to submit the amendment within "21 days after service" of defendants' Rule 12(b)(6) motion. FED. R. CIV. P. 15(a)(1)(B). Plaintiff missed that deadline, and failed to seek permission for the amendment under Rule 15(a)(2). Nevertheless, the Court will consider the allegations in both the original and the amended complaint in deciding the motion to dismiss. *See Hughes v. Lott,* 350 F.3d 1157, 1160 (11th Cir. 2003)("'[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys. . .'")(quoting *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998)).

### III. **PLAINTIFF'S CLAIMS**

The legal foundation of plaintiff's claims is difficult to discern from either the original or the amended complaint. Both pleadings consist primarily of quotes and citations to cases and state statutes that do not obviously give rise to any claim for relief under the facts alleged by plaintiff. Reading the complaints very liberally, the following claims are potentially encompassed by the complaint: (1) wrongful foreclosure based on the securitization of the mortgage, (2) fraud, (3) unfair business practices under O.C.G.A. § 10-1-393, (4) unjust enrichment, and (5) a claim based on various allegedly "unconscionable" acts by defendants. (Compl. [1]

4

and Am. Compl. [8].)  As discussed below, none of these claims survives scrutiny under *Twombly* and *Iqbal.*

    A.   <u>Wrongful Foreclosure</u>

In Georgia, the essential elements of a wrongful foreclosure claim include: (1) a legal duty owed to plaintiff by the foreclosing party, (2) a breach of that duty, (3) a causal connection between the breach and the alleged injury, and (4) damages. *Gregorakos v. Wells Fargo Nat'l Ass'n*, 285 Ga. App. 744, 747-48 (2007) (citing *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371 (2004)). The complaint does not include any allegations to suggest that defendants breached a duty to plaintiff.  Plaintiff does not deny that she defaulted on her mortgage, triggering foreclosure rights that were expressly preserved in the Deed.  (Pl.'s Resp. [9] and Security Deed [6] at Ex. A.)

Much of plaintiff's complaint and amended complaint focuses on her theory that the process whereby her mortgage became securitized somehow voided her obligation to repay the money that she had borrowed to purchase the home,[2] albeit plaintiff still wants to live

---

[2] Many debtors seeking to avoid foreclosure of their homes argue that, because the Note and the Deed have been "split" and are being held by different entities, Georgia law disallows foreclosure. Plaintiff does not formally make this argument. Likewise, she does not cite the pertinent caselaw or statutes that are regularly cited by debtors who pursue this theory. At most, she makes a couple of oblique suggestions in her pleadings and complaints that nibble at the edges of such a claim.

5

in the home and to be considered the legal owner of the property.  In essence, plaintiff argues that because her mortgage was made part of a security, she now no longer owes any money and can obtain the windfall of a free home.  Not surprisingly, plaintiff offers no support for her argument that the securitization process somehow invalidated the Note and thereby extinguished the debt associated with it.  (*Id*. at 3.)  Neither does she support her assertion that the "veil[ed]" securitization process converted her Note into stocks and bonds.  (*Id.*)  Assuming that plaintiff's Note was used as an investment instrument, there is no legal or factual basis for concluding that the Note was invalidated, or the debt rendered uncollectable, by that process.

In short, plaintiff does not cite and the Court has not found any legal authority to support a claim for wrongful foreclosure based on the facts alleged in the complaint.  Plaintiff does not deny that she defaulted on her loan and that the mortgage documents that she executed gave rise to a right of sale upon default.  She does not challenge any technical aspect of the non-judicial foreclosure sale conducted by Wells Fargo.  Accordingly, plaintiff fails to state a

---

Nevertheless, in deference to plaintiff's *pro se* status, the Court will permit her to move for reconsideration of the dismissal of the wrongful foreclosure claim if she, in fact, intended to make the above claim.  Any such motion should be filed **within 14 days of this Order** and should include a second Amended Complaint that contains only a claim  relating to the split note/deed issue.

claim for wrongful foreclosure that is "plausible on its face." *Iqbal*, 556 U.S. at 678. To the extent plaintiff intended to assert a claim for wrongful foreclosure, that claim is therefore **DISMISSED**.

    B.   <u>Fraud</u>

To state a claim for fraud under Georgia law, plaintiff must allege: (1) a false representation by defendant, (2) scienter, (3) an intention to induce plaintiff to act or refrain from acting, (4) justifiable reliance, and (5) damage to plaintiff. *Thompson v. Floyd,* 310 Ga. App. 674, 683 (2011). Federal Rule of Civil Procedure 9(b) requires that in pleading fraud, "the circumstances constituting fraud . . . [shall be] state[d] with particularity." FED. R. CIV. P. 9(b). To comply with Rule 9(b), plaintiff must plead "facts as to [the] time, place, and substance of [defendants'] alleged fraud, specifically the details of defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.* 290 F.3d 1301, 1310 (11th Cir. 2002).

Neither the original nor the amended complaint comes close to meeting the above standard. In support of her fraud claim, plaintiff asserts in a conclusory manner that defendants "falsely represented" that her mortgage complied with "certain servicing guidelines" and that they failed to disclose their intent to convert her Note into an investment instrument. (Am. Compl. [18] at 2.) She further alleges,

7

without any factual context at all, that defendants participated in a "phony assignment chain." (*Id.* at 18.) These allegations do not include sufficient facts to support a viable claim for fraud under Georgia law, and they omit several details that are required by Federal Rule 9(b). Accordingly, the Court **DISMISSES** plaintiff's claim for fraud.

### C. Unconscionability

Plaintiff suggests in the amended complaint that her mortgage contract was "unconscionable." (Am. Compl. [8] at 8-9, 12-13.) As a general rule in Georgia, "'parties may contract with one another on whatever terms they wish.'" *Hall v. Fruehauf Corp.,* 179 Ga. App. 362, 363 (1986)(quoting *Wilcher v. Orkin Exterminating Co., Inc.*, 145 Ga. App. 551, 552 (1978)). A contract will only be found "unconscionable" if it reflects an agreement that "'no sane man not acting under a delusion would make and that no honest man would take advantage of.'" *Id.* (quoting *R.L. Kimsey Cotton Co., Inc. v. Ferguson*, 233 Ga. 962, 966 (1975)). *See also NEC Tech., Inc. v. Nelson,* 267 Ga. 390, 396 (1996)(rejecting an unconscionability argument where the Court could not find as a matter of law that "decent, fairminded persons would possess a profound sense of injustice from [its] enforcement").

Plaintiff does not allege any facts that plausibly suggest her mortgage was an "unconscionable" contract as defined by Georgia law.

8

In fact, the property records reflect a standard mortgage contract. Plaintiff received $335,000 in loan proceeds that she used to purchase the property. (Security Deed [6] at Ex. A.) She executed a Note in which she promised to repay the loan and a Deed in which she granted her creditor a right to sell the property in the event of a default. (*Id*.) Those facts cannot conceivably support an unconscionability claim under Georgia law. *NEC Tech., Inc.*, 267 Ga. at 396. Accordingly, plaintiff's unconscionability claim is **DISMISSED**.

### D. Unjust Enrichment

Plaintiff does not deny that she executed a Note and Deed in connection with her mortgage, and that she accepted the proceeds of the mortgage. As discussed above, there is no authority to support plaintiff's theory that the mortgage was invalidated by the securitization process, or as the result of fraud or unconscionability. It is therefore an indisputable fact that plaintiff's relationship with defendants is governed by a mortgage contract. The theory of unjust enrichment only applies "'when there is *no* legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated.'" *Tidikis v. Network for Med. Commc'ns & Research, LLC,* 274 Ga. App. 807, 811 (2005)(quoting *Smith Serv. Oil Co., Inc. v. Parker,* 250 Ga. App. 270, 272 (2001)(emphasis added)). *See also, Am. Casual Dining,*

9

*L.P. v. Moe's Sw. Grill, L.L.C.,* 426 F. Supp. 2d 1356, 1372 (N.D. Ga. 2006)(Thrash, J.)(recognizing that, under Georgia law, "unjust enrichment is available only when there is no legal contract"). Accordingly, plaintiff's claim for unjust enrichment is facially implausible and should be **DISMISSED**.

The other equitable relief referenced in the complaint, such as a constructive trust that essentially transfers ownership of the property to plaintiff, is likewise unavailable. Under Georgia law, a debtor who executes a security deed and defaults on a loan cannot obtain equitable relief to cancel the deed unless the debtor has first paid or tendered the amount due on the loan.[3] *Taylor, Bean & Whitaker Mortg. Corp. v. Brown,* 276 Ga. 848, 850 (2003). *See also Hill v. Filsoof,* 274 Ga. App. 474, 475 (2005)("'Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed . . . he must pay or tender to the creditor the amount of principal and interest due.'")(quoting *Coile v. Fin. Co. of Am.,* 221 Ga. 584, 585 (1965)). Plaintiff does not deny that she defaulted on her $335,000 mortgage. (Pl.'s Resp. [9].) She does not allege that she payed or tendered the amount of principal and interest due on the loan to defendants. Accordingly, her claim for a constructive trust or

---

[3] This is an application of the more general principle that "[h]e who would have equity must do equity." O.C.G.A. § 23-1-10.

other equitable relief that cancels the Deed or extinguishes the debt due under the Note is **DISMISSED**.[4]

    E.    <u>Georgia Fair Business Practices Act</u>

Plaintiff refers briefly in her complaint to the Georgia Fair Business Practices Act (the "FBPA"), O.C.G.A. § 10-1-393. (Am. Compl. [8] at 19-20.) It is not clear whether plaintiff intends to assert a claim under the Act. To the extent she does, any such claim is not viable. By its terms, the FBPA applies to "deceptive acts or practices in the conduct of consumer transactions" such as "passing off goods or services" or causing confusion as to the source of goods or services. O.C.G.A. § 10-1-393. Plaintiff does not allege any acts that could conceivably give rise to a cause of action under the FBPA. *See* O.C.G.A. § 10-1-396 (noting that the FBPA does not apply to transactions that are otherwise regulated by the state or federal government) and *Chancellor v. Gateway Lincoln-Mercury, Inc.,* 233 Ga. App. 38, 45 (1998)(the areas of "finance charges, disclosure, and truth in lending fall[] outside the FBPA"). Accordingly, plaintiff's claim under § 10-1-393 is **DISMISSED**.

---

    [4] Plaintiff's citation to various definitions found in the Georgia Trust Act is similarly ineffective to give rise to a cause of action. *See* O.C.G.A. § 53-12-1 (stating the title of the Georgia Trust Act) and O.C.G.A. § 53-12-90 (a repealed provision that formerly defined the term "implied trust").

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' Motion to Dismiss [6] and directs the Clerk to **CLOSE** this case. If plaintiff intends to file a motion for reconsideration, she should follow the directions set out at 5, n.2, of this Order.

SO ORDERED, this 20th day of March, 2013.

<pre>
                              /s/ Julie E. Carnes
                              JULIE E. CARNES
                              CHIEF UNITED STATES DISTRICT JUDGE
</pre>

AO 72A
(Rev.8/82)